882 So.2d 1291 (2004)
Sandra Wheeler HESTER
v.
Walter Fox McKEITHEN, Individually and in his Capacity as the Louisiana Secretary of State; Kimberly Williamson Butler, Individually and in her Capacity as Orleans Clerk of Criminal District Court for the Parish of Orleans, et al.
No. 2004-CA-1725.
Court of Appeal of Louisiana, Fourth Circuit.
October 8, 2004.
*1292 Stephen D. Hawkland, Attorney Supervisor, Secretary of State, Baton Rouge, Counsel for Walter Fox McKeithen, in his Capacity as Secretary of the State of Louisiana.
Dominic N. Varrecchio, Andre' P. Guichard, Philip A. Costa, Costa Law Firm, New Orleans, Counsel for Intervenor/Appellee, Jimmy Fahrenholtz.
Deborah L. Wilson, New Orleans, Counsel for Defendant/Appellee, Kimberly Williamson Butler.
Sandra Wheeler Hester, New Orleans, in Proper Person, Plaintiff/Appellant.
Court composed of Judge LEON A. CANNIZZARO Jr., Judge ROLAND L. BELSOME, Judge Ad Hoc SUSAN M. CHEHARDY, Judge Ad Hoc ROBERT D. DOWNING, Judge Ad Hoc JAMES E. KUHN.
BELSOME, J.
These are consolidated cases contesting results from the election held September 18, 2004. For the sake of clarity of our opinions rendered this date, we issue separate opinions in the consolidated cases of 2004-CA-1725 and 2004-CA-1726. Petitioner, Sandra Cabrina Jenkins, a candidate for the Orleans Parish Juvenile Court judgeship and petitioner, Sandra Wheeler Hester, a candidate for the Orleans Parish School Board District 3 seat, lost their respective races. Ms. Jenkins failed to qualify for the runoff election, placing third with only a margin of 276 votes separating second and third place. Mrs. Hester lost her race outright receiving 2,939[1] votes while her opponent, Jimmy Fahrenholtz, received 12,689 votes. Ms. Jenkins and Mrs. Hester both filed suits in the Civil District Court for the parish of Orleans contesting the election results.
Named as defendants in Mrs. Hester's suit are Walter Fox McKeithen, individually and in his capacity as the Louisiana Secretary of State, and Kimberly Williamson Butler, individually and in her capacity as Clerk of Criminal District Court for the Parish of Orleans.[2] Mrs. Hester's petition sought to have the election results of September 18, 2004 set aside.
Judge Yada Magee conducted a four-day trial and rendered judgment against petitioner Mrs. Hester, finding that in spite of numerous irregularities with the election process for the September 18, 2004 election, Mrs. Hester could not have won the election for School Board District 3. Therefore, there is no basis for the election to be declared void. Mrs. Hester appeals the trial court's judgment.
Mrs. Hester, in her first of three assignments of error, contends that the trial court erred in not setting aside the election, even after acknowledging in her *1293 reasons for judgment numerous irregularities with the election process.
For Mrs. Hester to be granted the relief sought, a new election, it must first be established that the election process involved irregularities or fraud. The court then looks to La. R.S. 18:1432(A) to determine whether a new election is the remedy warranted. La. R.S. 18:1432(A) provides:
If the trial judge in an action contesting an election determines that: (1) it is impossible to determine the result of election, or (2) the number of qualified voters who were denied the right to vote by the election officials was sufficient to change the result in the election, if they had been allowed to vote, or (3) the number of unqualified voters who were allowed to vote by the election officials was sufficient to change the result of the election if they had not been allowed to vote, or (4) a combination of the factors referred to in (2) and (3) herein would have been sufficient to change the result had they not occurred, the judge may render a final judgment declaring the election void and ordering a new primary or general election for all the candidates, or, if the judge determines that the appropriate remedy is the calling of a restricted election, the judge may render a final judgment ordering a restricted election, specifying the date of the election, the appropriate candidates for the election, the office or other position for which the election shall be held, and indicating which voters will be eligible to vote.
In its reasons for judgment the trial court states that the existence of numerous irregularities in the September 18, 2004 election process went undisputed at the trial. Some of the irregularities cited in the judgment were: 289 voting machines were not powered-up by 6:00 a.m.; many deputy custodians were not on site to open premises for delivery of machines; most of those precincts affected did not get voting machines until after 10:30 a.m., many were delivered after 12:30 p.m. and several machines were delivered after 2:00 p.m. on election day; voters were not able to cast their votes within the times prescribed by the Election Code; and voters did not vote as a result.
Finding the requisite irregularities, the trial judge focused on the language of La. R.S. 18:1432 to decide the appropriate remedy for each candidate. Judge Magee analyzed each candidate's set of circumstances and the potential effect the irregularities of the election process had on the outcome of their individual races.
In Judge Magee's examination of the evidence provided on behalf of Mrs. Hester, she reasoned that if the irregularities had not occurred and Mrs. Hester had received every vote from all registered voters who did not vote, she still would have fallen short of a victory. Thus, it is possible to determine the result of the election. Had the irregularities not occurred the outcome would have been exactly the same. The will of the electorate is obvious. Therefore, in compliance with La. R.S. 18:1432(A) there could be no justification for the trial court ordering a new election for the School Board District 3 race.
In her second assignment of error, Mrs. Hester claims that the Orleans Parish Registrar of Voters, Louis Keller, failed to produce actual registration books for the precincts in the district as per the subpoena duces tecum served upon him. The argument is raised to suggest Mrs. Hester did not have the evidence necessary to prove her case. However, the information sought through the subpoena duces tecum was introduced at trial through exhibits F-1, F-2 and F-3. Those exhibits were documents certified by the Secretary of State's *1294 office, which provided the particular precincts contained in District 3 for the September 18, 2004 election that were impacted, the certified election returns or votes for each candidate on that election date, and the certified total voter registration for each precinct on that election date.
In its reasons for judgment, the trial court used the numbers represented in the exhibits to make the calculations relevant to the election. The trial judge gave Mrs. Hester the benefit of every registered voter who did not vote in the affected precincts in District 3. Still, those numbers did not prove favorable for Mrs. Hester. Thus, there would be no grounds for reversal assuming that the registrar of voters failed to make the return on the subpoena duces tecum, because ultimately the information was entered into evidence and considered in the trial court's judgment. Therefore, Mrs. Hester's second assignment of error has no merit.
Finally, Mrs. Hester assigns as error that the trial court improperly forced her to rest her case, over her objections. Again, Mrs. Hester argues that she was denied the opportunity to present evidence because she did not receive a return on her subpoena duces tecum from the Orleans Parish Registrar of Voters. Plaintiff fails to demonstrate prejudice in light of the fact that she received the benefit of every available vote in evaluating the irregularities and yet, despite this, she still was not able to prevail. The trial court has vast discretion in controlling the conduct of a trial, and that discretion is subject to review only for abuse of that discretion. Boutte v. Kelly, 2002-2451, p. 26 (La.App. 4 Cir. 9/17/03), 863 So.2d 530, 549, citing Barre v. Bonds, 99-1806, p. 23 (La.App. 4 Cir. 5/10/00), 763 So.2d 60, 70, citing La C.C.P. art. 1631. For the reasons previously stated, this court fails to find any abuse of discretion by the trial court in conducting the trial of this matter and more specifically none relating to Mrs. Hester's complaints regarding her case in chief. Mrs. Hester's third assignment of error is unfounded.
Although irregularities existed in the September 18, 2004 election, they do not rise to the level of showing that the electorate was deprived of the free exercise of their will, thereby demanding nullification of this election. In evaluating the effect of the irregularities in the September 18, 2004 election, this Court cannot conclude that the outcome of the election was impossible to determine.
Therefore, the judgment of the trial court dismissing Sandra Wheeler Hester's claims is affirmed.
AFFIRMED.
NOTES
[1] Although the trial judge in her reasons for judgment indicates that Mrs. Hester received 2,039 votes in her bid for Orleans Parish School Board District 3, the official election results as certified by the Secretary of State's office reveal that Mrs. Hester's actual vote total was 2,939 votes. This discrepancy in no way affects the outcome of the election or the analysis in this opinion.
[2] Claims against defendants were dismissed in their individual capacity.